UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 17-10231-GAO

UNITED STATES OF AMERICA,

v.

DENNIS AFONSO,
Defendant.

OPINION AND ORDER
July 24, 2023

O'TOOLE, D.J.

Dennis Afonso pled guilty to a single charge of felon-in-possession in violation of 18 U.S.C. § 922(g). He was sentenced to seventy-eight months' imprisonment on July 12, 2018. Almost a year later, on June 21, 2019, the Supreme Court issued its decision in Rehaif v. United States, 139 S. Ct. 2191 (2019), holding that in prosecutions for firearms-possession offenses under § 922(g), the government must prove both that a defendant knowingly possessed a firearm and that he also knew that he fell within a relevant category of persons who were barred from possessing one. Id. at 2200. More than one year later, the defendant filed a pro se motion to vacate his conviction pursuant to 28 U.S.C. § 2255 in light of the Rehaif decision.[1] See 21 U.S.C. § 2255(f)(3) (providing a one-year limitations period beginning "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"). Appointed counsel

---

[1] The defendant dated his materials July 21, 2020; the Clerk's Office stamped the materials as received on August 6, 2020. Both dates are beyond the one-year limitations period provided in § 2255.

subsequently filed a supplemental memorandum requesting that the time for filing be equitably tolled.

Courts may extend the one-year limitation filing period under a theory of equitable tolling. "A habeas petitioner bears the burden of establishing the basis for equitable tolling." Ramos-Martínez v. United States, 638 F.3d 315, 323 (1st Cir. 2011) (citation omitted). To demonstrate that equitable tolling is appropriate, a defendant must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. (quoting Holland v. Florida, 130 S. Ct. 2549, 2562 (2010)). Afonso contends that the restrictions imposed by the Bureau of Prisons in an effort to stem the spread of Covid-19 within its institutions constitute such an "extraordinary circumstance."

On this record, equitable tolling is not warranted because the defendant has not shown that he pursued Rehaif relief diligently. First, the prison lockdowns imposed because of the pandemic did not begin until the Spring of 2020—approximately eight to nine months after the Rehaif decision. More importantly, once the prison lockdowns were imposed the defendant could have filed, as he later did, a pro se placeholder petition within the statutory filing period. He does not provide any particular facts tending to show that he tried unsuccessfully to pursue his rights because of prison responses to the pandemic that were imposed. This Court takes notice of its own docket, which shows that prisoners in various state and federal institutions were filing both counseled and pro se petitions and motions for various relief in light of the lockdowns.

In the absence of any such showing either in his pro se petition or in his later filed counseled memorandum, there is no basis to conclude that equitable tolling should apply. The defendant's request for equitable tolling is therefore DENIED.

Because counsel has indicated that the defendant would pursue an ineffective assistance of counsel claim—presumably Ground One of his petition—if the equitable tolling request were denied, any counseled supplement is due within twenty-one (21) days of this Order.[2] Any response by the government is due twenty-one (21) days after the filing or, in the absence of such filing, twenty-one (21) days after it is due. In light of the age of the habeas petition and number of previous extensions, counsel should not expect any requests for continuances to be granted.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge

---

[2] The Court understands from the briefs that the defendant has withdrawn Ground Two of his petition.