UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 17-10231-GAO

UNITED STATES OF AMERICA,

v.

DENNIS AFONSO,
Defendant.

ORDER
September 25, 2023

O'TOOLE, D.J.

The defendant filed a pro se motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255 (dkt. no. 63). Counsel was subsequently appointed. After a series of extensions and litigation over equitable tolling, this Court ordered on July 24, 2023, that any counseled supplement to the 2255 petition was due within twenty-one days, and any response by the government was due twenty-one days after the filing or, in the absence of such filing, twenty-one days after it was due. No further submissions were filed by either party; therefore, the Court considers the defendant's pro se motion.[1]

The defendant's pro se motion raises an ineffective assistance of counsel claim based on the Supreme Court's decision in Rehaif v. United States, 139 S. Ct. 2191 (2019).[2] In that case, the Supreme Court held that in prosecutions for firearms-possession offenses under § 922(g), the government must prove both that a defendant knowingly possessed a firearm and that he also knew that he fell within a relevant category of persons who were barred from possessing one. Id. at 2200.

---

[1] The government previously had filed an opposition to the defendant's pro se petition (dkt. no. 84).
[2] His motion also raised a second claim that was subsequently withdrawn.

The defendant argues that his attorney was ineffective for failing to raise and preserve a Rehaif claim at his "sentencing, plea agreement, [and] trial proceedings." (Pet'r Afonso's Mot. Under 28 U.S.C. Section 225(f)(2)(3) and (4) at 3 (dkt. no. 63).)

The defendant's petition, however, was untimely. Assuming for the defendant's benefit that Rehaif is applicable retroactively to cases on collateral review, he had one year from "the date on which the right asserted was initially recognized by the Supreme Court" to file his petition. See 21 U.S.C. § 2255(f)(3). Rehaif was decided on June 21, 2019, but the defendant did not file his petition until July or August of 2020.[3]

Because the defendant did not file his petition within the applicable limitation period, and because this Court previously found equitable tolling does not apply, dismissal is warranted. A certificate of appealability shall not issue.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge

---

[3] The defendant dated his materials July 21, 2020; the Clerk's Office stamped the materials as received on August 6, 2020. Both dates are beyond the one-year limitations period provided in § 2255.